MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA TUMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 1943 |
| v. ) | |
| ) | Judge John W. Darrah |
| BOARD OF EDUCATION OF LYONS ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT ) | |
| NO. 204; and THERESE DeCLERK, ) | |
| ATTILA WENINGER, DAVID FRANSON ) | |
| and DENNIS KELLY, individually and in ) | |
| their official capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paula Tumas, filed suit against Defendants, alleging age and sex discrimination and retaliation in violation of Title VII, the Age Discrimination Employment Act, and Section 1983. Summary judgment was granted in favor of Defendants, and Defendants have filed a Bill of Costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001) (*Craven*); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000) (*Falcon*).

Plaintiff argues that costs should not be awarded or should be reduced because the case was filed in good faith, and the imposition of costs would be an extraordinary financial burden. Plaintiff has not demonstrated actual indigency and her inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1. Furthermore, filing the case in good faith does not constitute a "good reason" to deny costs. *See Weeks*, 126 F.3d at 945.

Defendants seek a total of $6,303.75 in court reporter, deposition, and transcription costs.

The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). At the time of the depositions, the established rate of the

Judicial Conference was $3.30 per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

The invoice for the deposition transcripts of Plaintiff's two-day deposition only reflects the total amount due. Defendants' counsel's affidavit states that the depositions' transcription totaled 329 pages. Based on the established Judicial Conference rate, Defendants are awarded $1,085.70 (329 pages X $3.30 per page) for Plaintiff's deposition transcription costs. Defendants also seek costs for a second copy of the deposition transcript at $0.10 per page. Defendants do not indicate why a second copy was required or should be reimbursed. The costs for the second copy are not awarded *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (*Flores*) (costs for condensed transcripts and ASCII disks not compensable as a second copy for the attorney's convenience).

Defendants seek the deposition transcription costs and exhibit copying costs for David Sellers, Lee Freedman, David Franson, Therese DeClerk, Dr. Attila Weninger, Trudy Tosch, Judith Holvay, and Rose Hilger. A review of the invoices for these depositions indicates that the transcription and copy rates were at or below the rate established by the Judicial Conference. Thus, these costs are awarded. The requested reimbursements for the second copy of the depositions and for the "word index" are denied. *See Flores*, 206 F. Supp. 2d at 945. Defendants are awarded a total of $3,134 for these depositions.

Defendants also seek the deposition transcription costs and exhibit copying costs for Dennis Kelly and Edward Piotrowski. The transcription rate per page for these depositions is greater than that established by the Judicial Conference. Adjusting the transcription rate per page for these depositions, Defendants are awarded a total of $618.55 for these depositions. The requested reimbursements for the second copy of the depositions and for the "word index" are denied. *See Flores*, 206 F. Supp. 2d at 945.

Defendants seek a total of $145.00 for photocopying charges related to Plaintiff's medical records. Defendants include the invoices from the medical providers for these charges. These charges are recoverable and reasonable and are awarded.

Defendants seek $345.00 for eleven ASCII disks of depositions. Defendants are not entitled to recover charges for ASCII disks or deposition transcripts that are for the attorney's convenience and are not necessary to litigate the case. *See Flores*, 206 F. Supp. 2d at 945. These costs are denied.

Lastly, Defendants seek costs of $57.35 for the conversion from tape to CD for the Executive Session of a board meeting ordered by the Court. Defendants include the invoice for this charge. The charge is recoverable and reasonable and is awarded.

For the reasons stated above, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $5,040.60 in costs.

Dated: February 29, 2008

JOHN W. DARRAH
United States District Court Judge